# EXHIBIT A

10-K 1 d10k.htm FORM 10-K

Table of Contents

# UNITED STATES
# SECURITIES AND EXCHANGE COMMISSION
WASHINGTON, D.C. 20549

## FORM 10-K

☒ **ANNUAL REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934**

For the fiscal year ended December 31, 2007

OR

☐ **TRANSITION REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934**

For the transition period from         to

Commission file number: 001-33546

# TERRESTAR CORPORATION
(Exact name of registrant as specified in its charter)

| | |
|---|---|
| **Delaware** | **93-0976127** |
| (State or other jurisdiction of incorporation or organization) | (I.R.S. Employer Identification No.) |
| **12010 Sunset Hills Road, 9th Floor, Reston, VA** | **20190** |
| (Address of principal executive offices) | (Zip Code) |

**(703) 483-7800**
(Registrant's telephone number, including area code)

Securities registered pursuant to Section 12(b) of the Act:

| | |
|---|---|
| **Common Stock, $0.01 par value** | **The NASDAQ Global Market** |
| (Title of each class) | (Name of each exchange on which registered) |

Securities registered pursuant to Section 12(g) of the Act: **None**

Indicate by check mark if the registrant is a well-known seasoned issuer, as defined in Rule 405 of the Securities Act.   ☐ Yes   ☒ No

Indicate by check mark if the registrant is not required to file reports pursuant to Section 13 or Section 15(d) of the Exchange Act.   ☐ Yes   ☒ No

Indicate by check mark whether the registrant (1) has filed all reports required to be filed by Section 13 or 15(d) of the Securities Exchange Act of 1934 during the preceding 12 months (or for such shorter period that the registrant was required to file such reports), and (2) has been subject to such filing requirements for the past 90 days.   ☒ Yes   ☐ No

Indicate by check mark if disclosure of delinquent filers pursuant to Item 405 of Regulation S-K is not contained herein, and will not be contained, to the best of registrant's knowledge, in definitive proxy or information statements incorporated by reference in Part III of this Form 10-K or any amendment to this Form 10-K.   ☒

Indicate by check mark whether the registrant is a large accelerated filer, an accelerated filer, a non-accelerated filer, or a smaller reporting company. See definitions of "large accelerated filer", "accelerated filer" and "smaller reporting company" in Rule 12b-2 of the Exchange Act.

Table of Contents

a practical matter, these requirements do not limit our network deployment or our ability to meet our business plan and TerreStar Networks filed an application for ATC authority, and the waiver of certain ATC technical rules, with the FCC on September 7, 2007.

*Authority to operate ATC in Canada*

In May 2004, Industry Canada adopted a policy allowing authorized MSS operators in the L-band, 2GHz MSS S-band and the 1.6/2.4 GHz big LEO band to provide ATC on a no-protection, non-interference basis. Industry Canada's ATC policy contains gating criteria similar to those of the FCC and requires, among other things, that a service provider's ATC network be operated as an integral and indefeasible part of an MSS service and that the spectrum it uses for ATC service does not constrain the growth of MSS service offerings. Industry Canada has stated that it intends to develop other technical and operational details applicable to ATC systems in the future. Industry Canada has also stated that it intends to establish license fees for ATC operators through a separate process. We expect that TerreStar Canada will submit an application to Industry Canada for ATC authority in advance of the launch of TerreStar-1.

*Additional ATC-related regulatory approvals required*

If and when our U.S. 2GHz MSS S-band authorization has been modified to include ATC authority, we will have blanket authority (subject to limited exception) to operate ATC base stations and ATC user terminals throughout the United States and Canada. Before we can provide ATC service on a commercial basis, the manufacturers of ATC user terminals and base stations for our network will need to obtain FCC equipment certification, and in some cases we may need to obtain local zoning approvals for base stations and certification from state public utility commissions. In Canada, similar approvals are required from Industry Canada and coordination with local authorities is required for the siting of base station antennae. Service providers in most other licensed wireless and satellite bands are subject to similar regulatory approval requirements, and we believe that we should be able to fulfill the conditions required for our regulatory approvals.

**Band clearing**

In the United States, our operations at the 2GHz MSS S-band are subject to successful relocation of existing broadcast auxiliary service ("BAS") licensees and other terrestrial licensees in the band. Costs associated with spectrum clearing could be substantial. In the United States, Sprint Nextel Corporation ("Sprint Nextel") is obligated to relocate existing BAS and other terrestrial users in our uplink spectrum and 2GHz MSS S-band licensees must relocate microwave users in the 2GHz MSS S-band downlink band. To the extent that Sprint Nextel complies with its BAS band clearing obligations, 2GHz MSS S-band licensees commencing operations thereafter would not have to clear the band themselves, but might be required to reimburse Sprint Nextel for a portion of its band clearing costs in certain circumstances. Due to the complex nature of the overall 2GHz MSS S-band relocation and the need to work closely with Sprint Nextel on band clearing, we may not make sufficient progress in the relocation effort or meet FCC requirements for relocating existing users and the start of our MSS operations in uncleared markets may be delayed. On September 4, 2007, Sprint Nextel and certain broadcaster trade associations asked the FCC for an additional 29 months past the September 7, 2007 deadline to complete the relocation process. On March 5, 2008, the FCC granted Sprint Nextel's request but only extended the deadline to complete the relocation process until March 5, 2009. The FCC also permitted certain testing and trials by MSS licensees in 2008 and sought comment on ways in which BAS licensees and MSS licensees could co-exist in the band after January 2009 and before the relocation process is concluded. If Sprint Nextel does not complete clearance of the 2GHz MSS S-band within a reasonable period of time and/or appropriate sharing procedures cannot be established, our ability to implement our business plan and our financial condition could be adversely impacted. In Canada, our operations at the 2GHz MSS S-band are subject to successful relocation of terrestrial microwave users. Although there are a small number of users in the 2GHz band, these users must be given a minimum of two years notice by Industry Canada to relocate unless a commercial agreement is reached under which they would move earlier. Although Industry Canada has given notice to these users that they must

20